IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

BRIAN RICHARDSON,
       Petitioner,

v.                                  Case No.  3:11cv429/RV/CJK

PAIGE AUGUSTINE,
       Respondent.
_____

## REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2241.  (Doc. 1).  Respondent moves to dismiss the petition as moot.  (Doc. 7). Petitioner has responded.  (Doc. 8).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration, the undersigned concludes that the petition is moot and should be dismissed.

### BACKGROUND AND PROCEDURAL HISTORY

Petitioner was sentenced on August 14, 2007, in the United States District Court for the Northern District of Florida to 120 months imprisonment for violating 18 U.S.C. § 2252A(a)(5)(B) and (b)(2), Possession of Child Pornography.  (Doc. 1; Farr Decl., Doc. 7-1; Doc. 7-2).  Petitioner was incarcerated at the Federal Correctional Institution in Marianna, Florida, at the time he commenced this action on September 9, 2011.  (Doc. 1).  The petition challenges the accuracy of petitioner's

sentence computation.  Petitioner argues that the Federal Bureau of Prisons ("BOP") failed to credit his federal sentence for time petitioner served in state custody on a previously imposed state sentence.  As relief, petitioner seeks credit for time served from April 20, 2007 through August 14, 2007, when the petitioner was in the custody of the United States Marshals Service, and from August 14, 2007 through February 21, 2008, the period following his federal conviction, but before his formal transfer from state to federal custody.  (Doc. 7-1; Doc. 8).  Respondent moves to dismiss the petition as moot, arguing that petitioner has already received credit for time served from August 14, 2007 through February 21, 2008.  (Doc. 7, p. 3).  Further, respondent argues petitioner cannot receive credit for the period from April 20, 2007 through August 13, 2007, because a federal sentence does not begin to run when a defendant is taken into federal custody from state custody under a writ of habeas corpus *ad prosequendum,* because the state remains the primary custodian.  (Doc. 7, p. 5).

Whether an action is moot is a jurisdictional matter because it implicates the Article III requirement that there be a live case or controversy.  *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395-96, 100 S. Ct. 1202, 63 L. Ed. 2d 479 (1980); *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987).  The case-or-controversy limitation serves "two complementary" purposes – it limits the business of federal courts to "questions presented in an adversary context and in a form historically viewed as capable of resolution through the judicial process," and it defines the "role assigned to the judiciary in a tripartite allocation of power to assure that the federal courts will not intrude into areas committed to the other branches of government." *Geraghty*, 445 U.S. at 396 (internal quotations and citation omitted).  Likewise, mootness has two aspects: "when the issues presented are no

longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id*. (internal quotations and citation omitted). If an event occurring after the filing of the lawsuit deprives "the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." *Soliman v. United States ex rel. INS*, 296 F.3d 1237, 1242 (11th Cir. 2002) (internal quotation marks and citation omitted); *see also Spencer v. Kemna*, 523 U.S. 1, 7, 118 S. Ct. 978, 983, 140 L. Ed. 2d 43 (1998) ("Throughout the litigation, the plaintiff 'must have suffered or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" (citation omitted)).

Petitioner's ultimate objective in bringing this habeas action was to receive credit for time served prior to formal transfer into federal custody. There is no longer a case or controversy to litigate, because the BOP made such a determination and petitioner received the relief he seeks – credit for time served for the period of August 14, 2007, through February 21, 2008. *See, e.g., Smith v. United States*, No. 5:10cv85/LC/EMT, 2011 WL 4809599 (N.D. Fla. Sept. 6, 2011), *Report and Recommendation adopted*, 2011 WL 4809483 (N.D. Fla. Oct. 11, 2011) (dismissing § 2241 petition as moot where petitioner received the relief he sought, namely, *nunc pro tunc* designation of a state facility for service of his federal sentence resulting in his immediate release); *Crease v. Augustine*, No. 4:07cv169/SPM/WCS, 2008 WL 688964 (Mar. 11, 2008) (same). Petitioner, in his response, concedes he has in fact received credit towards his federal sentence for that time period. (Doc. 8, p. 1). Petitioner's remaining contention, that he should receive credit for the period of April 20, 2007 through August 13, 2007, is also inapplicable as the petitioner was taken into custody pursuant to a writ of habeas corpus *ad prosequendum*, and was at that

time serving a sentence for a separate state conviction.  *See, e.g., Butler v. Warden, FCC Coleman-Medium*, 451 F. App'x 811, 812 (11th Cir. 2011) ("[W]hen the federal government takes possession of a state prisoner pursuant to a writ of habeas corpus *ad prosequendum*, the state's custody is not interrupted, and thus the prisoner's federal sentence does not begin to run until he is turned over to federal authorities after having served his state sentence."); *see also Casey v. Civiletti*, 621 F.2d 691, 693 (5th Cir. 1980) (finding that a writ of habeas corpus *ad prosequendum* is a "loan" of the prisoner to another jurisdiction for criminal proceedings).  Petitioner was serving a state conviction sentence prior to his federal conviction and at the same time that the writ of habeas corpus *ad prosequendum* was issued.  Petitioner is therefore statutorily barred from receiving credit for the specified period of time served.  *See* 18 U.S.C. § 3585(b).

Accordingly, it is respectfully RECOMMENDED:

1.  That respondent's answer (doc. 7) be GRANTED.

2.  That the habeas petition (doc. 1) be DISMISSED as moot.

3.  That the clerk be directed to close the file.

At Pensacola, Florida this 1st day of October, 2012.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).